**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:13-CV-041-RJC-DCK**

| | |
|---|---|
| LISA ANTOINE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRONURSE MEDICAL STAFFING, INC., ) <br> and MADISON SAINTS PARADISE, LLC, ) <br> ) <br> Defendants. ) <br> ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Timothy Wright's Motion To Dismiss With Prejudice" (Document No. 13). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

On February 13, 2013, Plaintiff Lisa Antoine ("Plaintiff") filed an "Amended Complaint" only naming Pronurse Medical Staffing, Inc. and Medical Saints Paradise, LLC as Defendants. (Document No. 5). Moreover, on March 11, 2013, Plaintiff filed a "Stipulation Of Dismissal" (Document No. 11) regarding Thomasina Laney and Timothy Wright, who were named in the original "Complaint" (Document No. 1). Nevertheless, Timothy Wright filed the pending motion to dismiss on March 12, 2013. (Document No. 13).

The undersigned notes that Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

is earlier." Fed.R.Civ.P. 15(a)(1).  In this case, it appears that Plaintiff's "Amended Complaint" (Document No. 11) was timely filed within 21 days of the original "Complaint" (Document No. 1).  Therefore, the undersigned will respectfully recommend that "Defendant Timothy Wright's Motion To Dismiss With Prejudice" (Document No. 13) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint");  Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A  pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.");  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Timothy Wright's Motion To Dismiss With Prejudice" (Document No. 13) be **DENIED AS MOOT**.

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 12, 2013

David C. Keesler
United States Magistrate Judge